## NEW YORK SUPERIOR COURT.

JOHN McEWAN agt. NATHAN G. BURGESS and others.

On issuing an order for the *examination of a judgment debtor* in proceedings supplementary to execution, the judge has jurisdiction, and the requirements of the Code are satisfied, if the judgment debtor "*has a place of business*" in the county where the order is issued, although his *residence and principal place of business may be in an adjoining county.*

*New York Special Term, May,* 1863.

A MOTION was made in this action to examine the judgment debtor, in proceedings supplementary to execution; on the day the order was returnable, the counsel for the defendant appeared and objected to the jurisdiction of this court, as the defendant's residence and place of business were in the city of Brooklyn.

GORDON L. FORD, *for motion.*
ROSWELL D. HATCH, *opposed.*

MONELL, J.    The facts sworn to and admitted on this motion are, that the defendant Burgess, one of the judgment debtors, was at the time of issuing the execution and now is a resident of the city of Brooklyn, where he also had and has a place of business.    That he also had a desk in and occupied a part of an office in the building No. 56 Broadway, in this city, where he usually was for almost an hour each day, and where he transacted a part of his business.    His principal business, however, which was the manufacture of chemicals for photographers, was carried on in the city of Brooklyn, the office on Broadway being used for receiving orders and conducting correspondence, &c.

To give jurisdiction to the judge who issues an order for the examination of a judgment debtor, the execution must have been issued to the sheriff of the county where the

McEwan agt. Burgess.

debtor resides "*or has a place of business.*" Upon proof of the return of execution issued to the sheriff of this county unsatisfied, the creditor is entitled to an order from a justice of this court requiring the debtor to appear and answer concerning his property.

The only question to be determined on this motion is, whether the justice who issued the order had jurisdiction. The language of the Code is, where the debtor "resides" or "has a place of business."

The Code does not require the judge to determine which is the principal place of business where there are two or more, but it is sufficient if it appears that he had *a* place of business in the county to which the execution was issued. The object of the legislature, doubtless, was to prevent unnecessary annoyance to the judgment debtor, who, without some protection, might be summoned to remote and distant parts of the state, at the instance of creditors who might resort to such means to extort something from their debtors. Hence, originally, it was required that the execution should go to the sheriff of the county where the debtor "resided." By an amendment which exhibits the benign intention of the legislature, the words "or has a place of business" were added. Before amendment, debtors residing in adjoining counties, but whose business was carried on, and greater portion of whose time was passed in this city, were ordered to appear before a county judge of the debtor's county, to the annoyance and great loss of time of the debtor.

The facts in this case show that the debtor had a place of business in this city, and that is sufficient to give the justice jurisdiction, and make it proper for him to issue the order.

The motion to discharge the order must therefore be denied.